CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 03 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

NORFOLK SOUTHERN RAILWAY COMPANY,

    Plaintiff,

v.    Civil Action No.: 7:16cv00176

CITY OF ROANOKE, a Virginia Municipality,

    Defendant.

## CONSENT INTERLOCUTORY DECREE

The parties to this cause have reached an agreement, subject to the approval of this Court, that will preserve all rights of both parties pending resolution of this cause and make it unnecessary for the Court to hold a hearing on plaintiff's motion for preliminary injunction. The Court has considered the parties' proposed agreement and approves of the agreement. In accordance with the Court approved agreement of the parties,

**IT IS ORDERED** that:

1. The City of Roanoke (the "City" or "Roanoke") has enacted an ordinance establishing a stormwater utility and imposing a "stormwater utility fee." Chapter 11.5, Code of the City of Roanoke. The plaintiff Norfolk Southern Railway Company ("Norfolk Southern") has challenged the imposition of this charge as a "tax" that impermissibly discriminates against Norfolk Southern in violation of 49 U.S.C. §11501(b)(4). The City asserts that this charge is a "fee" and not a tax and that the charge does not discriminate against Norfolk Southern. The Court will have to resolve

1

this question as a threshold issue at the appropriate time. For purposes of this order, the charge shall be referred to as the "Disputed Charge" or "Charge".

2. In order to avoid the accrual of additional penalties and interest, Plaintiff Norfolk Southern Railway may pay to the City the full amount of the stormwater utility charge in dispute in this cause, in the sum of $194,388.29, together with penalties in the amount of $13,871.53, and interest, if paid before May 31, 2016, in the amount of $1,734.81 ("Disputed Charge").

3. All of the terms of this order shall apply to any subsequent payments of disputed portions of the stormwater utility charge that may come due before this cause has been resolved by a final non-appealable judgment ("Subsequent Disputed Charges"). When any future payment is made that is disputed by Norfolk Southern for the reasons alleged in the complaint filed in this cause, Norfolk Southern may file with the Clerk of this Court a notice stating the amount of the future payment, if any, that constitutes a Subsequent Disputed Charge.

4. Payments of the Disputed Charge or any Subsequent Disputed Charge by Norfolk Southern shall not prejudice Norfolk Southern's rights to contest the validity of the stormwater utility charge under 49 U.S.C §11501 in this cause, nor shall Norfolk Southern's rights under the statute be deemed waived in any respect by such payments. It is the intent of the parties that, as approved by the Court in this consent interlocutory decree, all rights of the parties shall be preserved pending resolution of this cause by a final non-appealable judgment.

5. If Norfolk Southern prevails in the final non-appealable judgment resolving this cause, the portions of the Disputed Charge and any Subsequent Disputed

Charge found by the Court to be discriminatory in violation of 49 U.S.C. §. 11501 shall be refunded to Norfolk Southern. The City is directed by the Court to refund to Norfolk Southern, within 60 days from the entry of the final non-appealable order, any portion of the Disputed Charge and any Subsequent Disputed Charge, paid to the City by Norfolk Southern, that may ultimately be found to be discriminatory in violation of 49 U.S.C. § 11501(b)(4), together with interest at the annual rate of ten percent (10%), accruing from the dates of payment made to the City by Norfolk Southern through the date on which the City refunds the portions of the Disputed Charge and any Subsequent Disputed Charge. If the City prevails in the final non-appealable judgment, all rights granted to Norfolk Southern to any refund of the Disputed Charge or any Subsequent Disputed Charge by the terms of this order shall be null and void.

6. Upon entry of this Order, Norfolk Southern withdraws its motion for a preliminary injunction.

7. Norfolk Southern and the City agree that the answer of Roanoke or a motion pursuant to Rule 12 of the Federal Civil Rules of Procedure shall be filed on or before June 6, 2016.

May 3, 2016
Date

_____
Judge

WE ASK FOR THIS:

/s/ Gary A. Bryant

3

Gary A. Bryant (VSB No. 27558)
Willcox & Savage, P.C.
440 Monticello Ave., Ste. 2200
Norfolk, Virginia 23510
757.628.5500 Telephone
757.628.5566 Facsimile
gbryant@wilsav.com

*Counsel for Plaintiff, Norfolk Southern
  Railway Company*


/s/ Gregory J. Haley
Gregory J. Haley (VSB No. 23971)
Jonathan D. Puvak (VSB No. 82539)
Gentry Locke
10 Franklin Road S.E., Ste. 900
Roanoke, Virginia 24011
540.983.9368 Telephone
540.983.9400 Facsimile
haley@gentrylocke.com
puvak@gentrylocke.com
		and


/s/ Daniel J. Callaghan
Daniel J. Callaghan (VSB No. 84658)
Roanoke City Attorney
City of Roanoke, Virginia
215 Church Avenue, S.W. Room 464
Noel C. Taylor Municipal Building
Roanoke, Virginia 24011
540.853.5238 Telephone
540.853.1221 Facsimile
daniel.callaghan@roanokeva.gov

*Counsel for Defendant, City of Roanoke*

4

I-1404274.37965/34/7535997v1
Case 7:16-cv-00176-GEC   Document 8   Filed 05/03/16   Page 4 of 4   Pageid#: 98