IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>) |
| v. | ) Case No. 7:16-cv-00176-GEC |
| CITY OF ROANOKE, a Virginia municipality, | )<br>)<br>)<br>)<br>) |
| *Defendant.* | ) |

**CITY OF ROANOKE MOTION TO DISMISS**

The City of Roanoke (the "City"), by counsel, moves this Court to dismiss the Complaint of Norfolk Southern Railway Company ("Norfolk Southern") (ECF 1), pursuant to Fed. R. Civ. P. Rule 12(b)(6), because the Complaint fails to state a claim upon which the relief requested could be granted. The City states the following as grounds for this Motion:

1. The City's Stormwater Management Utility Fee ("the Utility Fee") is a fee imposed on improved parcels in the City based on the need for stormwater management services generated by impervious surfaces on such improved parcels. The use of the revenue from the Utility Fee is restricted, by statute and ordinance, for specific stormwater management projects and services. The Utility Fee does not fund the City's general operations. The Utility Fee, therefore, is not a "tax" within the meaning of 49 U.S.C. §11501(b)(4). The Complaint, therefore, fails to state a claim upon which the relief requested could be granted.

2. Norfolk Southern bases its claim on the assertion that "lawns" are the proper "comparison class" to use as a baseline in analyzing the effect of the City's Stormwater Utility Ordinance on Norfolk Southern's railroad yard and mainline parcels. This is an inappropriate

comparison class because Norfolk Southern's railroad yard and mainline parcels are improved by railroad roadbeds and tracks which include steel rails, crossties, ballast, subballast, grade and subgrade, as well as miscellaneous signal structures, switches, gates, fencing and holding areas. These roadbeds and tracks are built to support the weight of loaded trains crossing the parcels. Norfolk Southern's railroad yard and mainline parcels, therefore, are not similarly situated to lawns. The Complaint, therefore, fails to state a claim upon which the relief requested could be granted.

3. The Complaint does not allege impermissible discrimination within the meaning of §11501(b)(4) because the Utility Fee applies to all improved parcels in the City with no classifications that target or discriminate against railroad parcels. The Complaint, therefore, fails to state a claim upon which the relief requested could be granted.

The City has filed a Memorandum supporting this motion. For the reasons stated above, the City respectfully moves this Court to dismiss the Complaint, with prejudice.

Respectfully submitted,

CITY OF ROANOKE

By: /s/ Gregory J. Haley
Of Counsel

Gregory J. Haley (VSB No. 23971)
Scott A. Stephenson (VSB No. 88020)
GENTRY LOCKE
10 Franklin Road S.E., Ste. 900
Roanoke, Virginia 24011
540.983.9368 Telephone
540.983.9400 Facsimile
haley@gentrylocke.com
stephenson@gentrylocke.com

and

Daniel J. Callaghan (VSB No. 84658)
Roanoke City Attorney
City of Roanoke, Virginia
215 Church Avenue, S.W. Room 464
Noel C. Taylor Municipal Building
Roanoke, Virginia 24011
540.853.5238 Telephone
540.853.1221 Facsimile
daniel.callaghan@roanokeva.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2016, a true and accurate copy of the foregoing was electronically filed through the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Gregory J. Haley
Of Counsel
