CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2016


JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | )<br>)<br>) Civil Action No. 7:16CV00176 |
| Plaintiff, | )<br>) **MEMORANDUM OPINION** |
| v. | )<br>) By: Hon. Glen E. Conrad |
| CITY OF ROANOKE, | ) Chief United States District Judge |
| Defendant. | ) |

Norfolk Southern Railway Company ("Norfolk Southern") filed this action against the City of Roanoke (the "City"), alleging that the City's stormwater utility ordinance violates the federal Railroad Revitalization and Regulatory Reform Act of 1976 (the "4-R Act"), which prohibits states and municipalities from imposing a "tax that discriminate[s] against a rail carrier." 49 U.S.C. § 11501(b)(4). The City moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, inter alia, that the stormwater utility assessment imposed pursuant to the ordinance is not a "tax" for purposes of the 4-R Act, and that Norfolk Southern is therefore not entitled to relief under the statute.

The court held a hearing on the City's motion on September 14, 2016. During the hearing, the parties agreed that the threshold and potentially dispositive issue in this case is whether the stormwater utility assessment is a "tax" actionable under § 11501(b)(4) or a non-actionable "fee." See Chicago & N.W. Transp. Co. v. Webster Cnty. Bd. of Supervisors, 71 F.3d 265, 266 (8th Cir. 1995) ("Because the board is not violating the 4-R Act if it is not taxing the railroad, our first inquiry must be whether imposing the costs . . . on the railroad constitutes a tax within the meaning of [the statute].").

Unfortunately, the 4-R Act "does not define the term 'tax,' nor does it offer any other guidance about what falls within its ambit." Kan. City S. Ry. v. Koeller, 653 F.3d 496, 505 (7th Cir. 2011) (citing CSX Trans., Inc. v. Alabama Dep't of Rev., 562 U.S. 277, 284 (2011)). Consequently, courts look to how the term has been applied in other federal constitutional and statutory contexts. Id.; see also Chicago & N. W. Transp. Co., 71 F.3d 265 at 267. In cases involving the Tax Injunction Act, the United States Court of Appeals for the Fourth Circuit has held that courts "must examine the 'explicit factual circumstances that transcend the literal meaning of the terminology' and ask whether the charge is levied primarily 'for revenue making purposes, making it a tax,' or whether it is assessed primarily 'for regulatory or punitive purposes, making it a fee.'" GenOn Mid-Atlantic, LLC v. Montgomery Cnty., 650 F.3d 1021, 1023 (4th Cir. 2011) (quoting Valero Terrestrial Corp. v. Caffrey, 205 F.3d 130, 134 (4th Cir. 2000)). To aid in this determination, the Fourth Circuit has considered several factors, including: "(1) what entity imposes the charge; (2) what population is subject to the charge; and (3) what purposes are served by the use of the monies obtained by the charge." Valero Terrestrial Corp., 205 F.3d at 134 (citing San Juan Cellular Telephone Co. v. Public Serv. Comm'n, 967 F.2d 683, 685 (1st Cir. 1992)).

Because of the fact-specific nature of this inquiry, the issue of whether an assessment is properly characterized as a "tax" or a "fee" is ordinarily decided on summary judgment. Collins Holding Corp. v. Jasper Cnty., 123 F.3d 797, 801 (4th Cir. 1997); see also Cumberland Farms, Inc. v. Tax Assessor, 116 F.3d 943, 946 (1st Cir. 1997) ("The classification of an impost for purposes of the [Tax Injunction Act] -- 'tax' versus 'fee' -- presents a question of law appropriate for resolution on a properly developed summary judgment record."). Consequently, during the hearing on the City's motion, the court questioned whether this threshold question could be

2

better answered on a fuller record. In response, both sides acknowledged that the court's review of certain relevant factors, including how the stormwater utility assessment is ultimately used by the City, may benefit from factual development.

It is clear from existing precedent that the tax-versus-fee issue "requires careful analysis because the line between 'tax' and 'fee' can be a blurry one." Collins Holding Corp., 123 F.3d at 800. After further consideration, the court is of the opinion that the wiser course is for the parties to engage in limited discovery and present the issue on a more fully developed record, so that the court can adequately consider all of the factors relevant to this analysis.

For these reasons, the court believes that it will be necessary to consider matters outside the pleadings in order to properly resolve the issue of whether the stormwater utility assessment imposed by the City is a "tax" for purposes of the 4-R Act. Thus, further analysis of this question will be conducted under Rule 56 of the Federal Rules of Civil Procedure. The parties will be given ninety days in which to engage in discovery on the tax-versus-fee issue. The pending motion to dismiss will be denied without prejudice to refiling as a motion for summary judgment upon the completion of this limited discovery. At that time, the City may also renew any other arguments raised in the motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 6th day of October, 2016.

Chief United States District Judge