CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2016

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 7:16CV00176 ) |
| v. | ) **MEMORANDUM OPINION** ) ) By: Hon. Glen E. Conrad |
| CITY OF ROANOKE, | ) Chief United States District Judge ) |
| Defendant. | ) ) |

This case is presently before the court on the motion for leave to intervene filed by the Chesapeake Bay Foundation, Inc. (the "Foundation"). For the reasons that follow, the motion will be granted.

## Background

On April 12, 2016, Norfolk Southern Railway Company ("Norfolk Southern") filed this action against the City of Roanoke (the "City"), claiming that the City's stormwater utility ordinance violates the federal Railroad Revitalization and Regulatory Reform Act of 1976 (the "4-R Act"), which prohibits states and municipalities from imposing a "tax that discriminate[s] against a rail carrier." 49 U.S.C. § 11501(b)(4). Norfolk Southern alleges that the stormwater utility assessment imposed pursuant to the ordinance is a "tax" for purposes of the 4-R Act, and that the City discriminates against Norfolk Southern by imposing the assessment on its ballasted railroad property but not on lawns. Norfolk Southern claims that its ballasted railroad property is "just as pervious or in some locations even more pervious than lawns," and therefore should be treated in the same manner. Compl. ¶ 9.

On June 6, 2016, the City moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Approximately four weeks later, the Foundation filed the instant motion for leave to intervene. The City has consented to the Foundation's intervention. Norfolk Southern, however, has opposed the motion.

## Discussion

The Foundation argues that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively, that the court should permit it to intervene under Rule 24(b). Because the court will exercise its discretion to allow the Foundation to intervene under Rule 24(b), the court need not decide whether the Foundation is entitled to intervene as a matter of right. See United States ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co., 349 F. Supp. 2d 934, 938 (D. Md. 2004).

As a general matter, "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted). Under Rule 24(b), the court may permit intervention "[o]n timely motion" by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In determining whether to permit intervention, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. Civ. P. 24(b)(3). Thus, where a movant seeks permission to intervene under Rule 24(b), it must establish each of the following elements: (1) that its motion is timely; (2) that its claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties. See Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005).

2

In this case, the first element is easily satisfied. The Foundation moved to intervene approximately four weeks after the motion to dismiss was filed by the City. At that time, neither an answer nor a response to the motion to dismiss had been filed. Consequently, this case was not "within sight of the terminal," and will not be "derail[ed]" if the Foundation is permitted to intervene. Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir. 2001) (internal quotation marks and citation omitted); see also United States v. Virginia, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely.").

The second inquiry under Rule 24(b)(1)(B) is whether the movant has a claim or defense that shares a common question of law or fact with the original action. This element is also satisfied. The Foundation indicates that it seeks to defend the allegation that Norfolk Southern's ballasted railroad surfaces are as pervious as lawns, and, if permitted to intervene, will provide evidence in support of its position on this issue of fact. See, e.g., Am. Tradition Inst. v. Colorado, No. 11-cv-00859, 2012 U.S. Dist. LEXIS 20941, at *4-5 (D. Col. Feb. 21, 2012) (holding that environmental organizations had a defense in common with the main action where the organizations, like the existing government defendants, sought to defend the validity of a state statute).

Finally, the court is of the opinion that the addition of the Foundation will not cause undue prejudice to the existing parties. Because the Foundation's defense "largely overlap[s] with the legal and factual issues that are already present in the main action," the addition of the Foundation "is not likely to significantly complicate the proceedings or unduly expand the scope of any discovery in this case." United States v. North Carolina, No. 1:16CV425, 2016 U.S. Dist. LEXIS 84788, at *9 (M.D.N.C. June 29, 2016). Likewise, there is no reason to believe that the

3

Foundation's participation in the case would cause undue delay. Indeed, the Foundation has made clear that it does not intend to alter the current schedule for resolution of this matter.*

## Conclusion

For these reasons, and in keeping with the Fourth Circuit's policy in favor of liberal intervention, the court will grant the Foundation's motion to intervene.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 19th day of October, 2016.

_____
Chief United States District Judge

---

* On October 6, 2016, the City's motion to dismiss was denied without prejudice to refiling upon the completion of limited discovery on the issue of whether the stormwater utility assessment is a "tax" for purposes of the 4-R Act. In light of the court's ruling, the parties have agreed that the limited discovery period will close on Friday, January 6, 2017. The parties have also agreed that no further responsive pleadings need to be filed until after the court has resolved the tax-versus-fee issue and any other grounds for dismissal raised in the City's motion to dismiss.

4